18-1805
Dong v. Barr

BIA
A087 651 012

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand twenty.

PRESENT:
        DEBRA ANN LIVINGSTON,
        JOSEPH F. BIANCO,
        WILLIAM J. NARDINI,
            *Circuit Judges.*
_____

XING FENG DONG,
        *Petitioner,*

        v.                                          18-1805
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          John Chang, Esq., New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Papu Sandhu, Assistant
                         Director; Matthew A. Connelly,
                         Senior Litigation Counsel, Office
                         of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Feng Dong, a native and citizen of the People's Republic of China, seeks review of a June 7, 2018, decision of the BIA affirming denying his motion to reopen his removal proceedings. *In re Xing Feng Dong,* No. A 087 651 012 (B.I.A. Jun. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's denial of the motion to reopen for abuse of discretion and considered whether its conclusion regarding changed country conditions is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

Dong moved to reopen in order to apply for asylum, withholding of removal, and relief under the Convention Against Torture, asserting that he had converted to Christianity in the United States and that worsening conditions for Christians in China excused the untimely

2

filing of his motion. It is undisputed that Dong's motion, which was filed more than a year after the BIA's 2016 decision affirming his removal order, was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). But the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The agency did not err in finding that Dong failed to demonstrate such conditions.

Dong's conversion to Christianity and active religious practice constituted changes in *personal* circumstances that did not excuse the applicable time limitation. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). Accordingly, Dong had to show a material change in conditions in China. And because conditions for Christians in China vary by province, Dong had to establish a material change relevant to his home province of Fujian. *See Jian Hui*

3

*Shao*, 546 F.3d at 149, 170 (When policies "vary widely from one area of the country to another . . . it is appropriate to review the evidence to determine, first, what policy applies to the circumstances at issue and, second, whether local officials would be inclined to view the petitioner's actions as a violation of that policy.").

We find no error in the agency's conclusion that Dong failed to show a material change. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Dong did not submit any evidence of the conditions for Christians at the time of his 2014 hearing before the IJ, and only one of his articles on conditions at the time he filed his motion was particular to Fujian Province. Because regulation and suppression of various religious groups by the government has been a longstanding problem in China, and because Dong's evidence was not specific to his area of China, the BIA reasonably

4

concluded that he failed to establish the changed conditions necessary to excuse his untimely filing. *See Jian Hui Shao*, 546 F.3d at 171. The BIA therefore did not abuse its discretion in denying Dong's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

The timeliness finding is dispositive, and we need not reach the alternate ruling that Dong failed to establish prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988) (observing that the agency may deny untimely motion for failure to demonstrate changed country conditions or prima facie eligibility for the underlying relief); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Regardless, Dong's claim of prima facie eligibility for asylum fails largely for the reasons discussed above: the lack of evidence of persecution in Fujian province prevents him from demonstrating an objectively reasonable fear of persecution. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (providing that prima facie standard requires applicant to show a "realistic chance" that he will be able

to establish eligibility for relief); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record" and alien's "fear is speculative at best").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
